# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

TOASTMASTER INC., )
  a Missouri corporation, )
                        )
        Plaintiff, )
                        )
    v. )
                        ) Case No. 98-4260-CV-C-9-ECF
HAMILTON BEACH/ )
PROCTOR-SILEX, INC., )
  a Delaware corporation, )
                        )
        Defendant. )

FILED NOV 4 1998

## COMPLAINT

Plaintiff, Toastmaster Inc., for its cause of action against Defendant, Hamilton Beach/Proctor-Silex, Inc., alleges as follows:

## THE PARTIES

1.    Plaintiff, Toastmaster Inc. (hereinafter "Toastmaster"), is a corporation organized and existing under the laws of the State of Missouri, and has a principal place of business at 180 1 North Stadium Boulevard, Columbia, Missouri 65202. Toastmaster develops, manufactures, and sells a variety of small consumer appliances, including toasters, under the trademark "Toastmaster".

2.    On information and belief, Defendant, Hamilton Beach/Proctor-Silex, Inc. (hereinafter "Proctor-Silex"), is a corporation organized and existing under the laws of the State of Delaware, and has a principal place of business at 4421 Waterfront Drive, Glen

370811 v1

ORIGINAL

ECF

Document #_____

Allen, Virginia 23060. Proctor-Silex manufactures and sells a variety of small consumer appliances, including toasters, under the trademarks "Hamilton Beach" and "Proctor-Silex".

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has jurisdiction of this action under 28 U.S.C. § 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

5. On information and belief, Proctor-Silex sells its appliances, including the infringing toasters of the present action, through established distribution channels to customers within this judicial district and throughout the United States.

6. Proctor-Silex appliances, including the infringing toasters of the present action, are sold at Kitchen Collection retail stores located within this judicial district and throughout the United States. On information and belief, these retail stores are owned by The Kitchen Collection, Inc., which is a subsidiary of the same parent company as that of Proctor-Silex.

## BACKGROUND

7. As part of its ongoing product development, Toastmaster developed a unique toaster having a safety shut-off feature which automatically deactivates the toaster's heating elements at the end of a toasting cycle, even if toast or other food products have become jammed in the toaster. To protect its investment in the development and testing of

370811 v1

2

the toaster with safety shut-off, Toastmaster filed a patent application directed to such toaster with the United States Patent and Trademark Office on April 8, 1994.

8. In or about June 1994, Toastmaster introduced the toaster with safety shut-off to the marketplace and thereafter began selling such toasters to customers throughout the United States.

9. On January 31, 1995, the United States Patent and Trademark Office granted Toastmaster's patent application as United States Patent No. 5,385,082 entitled "Toaster With Safety Shut-Off" (hereinafter "the '082 patent"). A copy of the '082 patent is attached hereto as Exhibit 1.

10. After issuance of the '082 patent, Toastmaster marked its toasters which incorporate the invention of the '082 patent with a patent notice on packaging boxes for the toasters and/or on data stickers attached to the toasters so as to notify the public that such toasters were the subject of United States Patent No. 5,385,082. A photograph of a patent notice marked on such toasters is attached hereto as Exhibit 2.

11. Toastmaster is and has continuously been the owner of all right, title and interest in and to the '082 patent, including the right to sue for patent infringement, recover damages, and obtain an injunction against future patent infringement.

## PATENT INFRINGEMENT

12. On information and belief, Proctor-Silex manufactures its Model 22425 and 22427 toasters at a facility owned and operated by Proctor-Silex in the country of

Mexico. On information and belief, in or about May 1997, Proctor-Silex began importing such toasters into the United States and selling such toasters through established distribution channels to customers within this judicial district and throughout the United States.

13. On information and belief, Proctor-Silex manufactures its Model 22445, 22447, 22505, 24425, and 24445 toasters at a facility owned and operated by Proctor-Silex in the country of Mexico. On information and belief, in or about May 1998, Proctor-Silex began importing such toasters into the United States and selling such toasters through established distribution channels to customers within this judicial district and throughout the United States.

14. On information and belief, Proctor-Silex continues to import its Model 22425, 22427, 22445, 22447, 22505, 24425, and 24445 toasters into the United States and sell such toasters through established distribution channels to customers within this judicial district and throughout the United States. A copy of a Proctor-Silex catalog promoting such toasters is attached hereto as Exhibit 3.

15. On information and belief, Model 22425, 22427, 22445, 22447, 22505, 24425, and 24445 toasters are sold in many of the same retail stores as those in which Toastmaster sells its toasters which incorporate the invention of the '082 patent.

16. Proctor-Silex Model 22425, 22427, 22445, 22447, 22505, 24425, and 24445 toasters are covered by one or more claims of the '082 patent. Thus, both the importation into the United States and the sale in the United States of such toasters is in violation of 35 U.S.C. § 271.

370811 v1

4

17. On information and belief, Proctor-Silex knew or had reason to know that its Model 22425, 22427, 22445, 22447, 22505, 24425, and 24445 toasters were and are covered by one or more claims of the '082 patent. On information and belief, Proctor-Silex imported, sold and induced others to sell such toasters despite such knowledge and in willful violation of Toastmaster's rights under the '082 patent.

18. Proctor-Silex's infringing activities have irreparably damaged Toastmaster's business in an amount not presently known. These infringing activities will continue to damage Toastmaster's business unless enjoined by this Court.

WHEREFORE, Toastmaster prays for judgment against Proctor-Silex and in favor of Toastmaster, and requests that this Court:

1. Declare that Proctor-Silex infringes one or more claims of the '082 patent, and that this infringement is willful;

2. Issue a permanent injunction against further infringement of the '082 patent by Proctor-Silex, its officers, directors, agents, servants, employees, successors, assigns, attorneys, and those persons in active concert or participation with Proctor-Silex or with any of the foregoing, pursuant to 35 U.S.C. $283;

3. Order Proctor-Silex to account for and pay over to Toastmaster damages adequate to compensate Toastmaster for the infringement of the '082 patent, including pre-judgment and post-judgment interest on the same, pursuant to 35 U.S.C. § 284;

370811 v1

4. Increase the damages for infringement of the '082 patent to three (3) times the amount found or assessed due to Proctor-Silex's willful infringement, pursuant to 35 U.S.C. § 284;

5. Declare that this case is exceptional under the patent laws and order Proctor-Silex to pay to Toastmaster its costs, expenses and attorneys' fees incurred in connection with this action, pursuant to 35 U.S.C. §§ 284 and 285; and

6. Award Toastmaster such other and further relief as this Court may deem just and proper.

STINSON, MAG & FIZZELL, P.C.

By: *Robert O. Lesley*

Robert O. Lesley (Mo. Bar No. 32458)
Frank B. Flink, Jr. (Mo. Bar No. 41493)
Judith L. Kloster (Mo. Bar No. 48193)
1201 Walnut, Suite 2800
P.O. Box 419251
Kansas City, MO 64141-6251
Phone: (816) 842-8600
Fax: (816) 691-3495

ATTORNEYS FOR PLAINTIFF

370811 v1