IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

TOASTMASTER INC., )
)
        Plaintiff, )
)
v. ) No. 98-4260-CV-C-9-ECF
)
HAMILTON BEACH/PROCTOR-SILEX, INC., )
)
        Defendant. )

**ANSWER AND COUNTERCLAIM ON BEHALF
OF HAMILTON BEACH/PROCTOR-SILEX, INC.**

Defendant Hamilton Beach/Proctor-Silex, Inc. (HBPS) answers the Complaint of Toastmaster Inc. (Toastmaster) in corresponding paragraph order as follows:

THE PARTIES

1. HBPS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, and therefore denies the same.

2. HBPS admits the allegations of paragraph 2 of the Complaint.

JURISDICTION AND VENUE

3. HBPS admits that the Complaint charges patent infringement and that this Court has jurisdiction over charges of patent infringement pursuant to 28 U.S.C. § 1338(a).

4. HBPS admits that venue is proper in this district.

5. HBPS admits it sells appliances through established channels to customers within the judicial district and throughout the United States. HBPS denies the remaining allegations of paragraph 5 of the Complaint.

6. HBPS denies it sells infringing toasters and admits the remaining allegations of paragraph 6 of the Complaint.

## BACKGROUND

7. HBPS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint, and therefore denies the same.

8. HBPS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint, and therefore denies the same.

9. HBPS admits the allegations of paragraph 9 of the Complaint.

10. HBPS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint, and therefore denies the same.

11. HBPS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint, and therefore denies the same.

## PATENT INFRINGEMENT

12. HBPS admits that the identified products were manufactured in Mexico, imported by HBPS beginning about the dates indicated and are sold in the manner as indicated, but denies the remaining allegations of paragraph 12.

13. HBPS admits that the identified products were manufactured in Mexico, imported by HBPS beginning about the dates indicated and are sold in the manner as indicated, but denies the remaining allegations of paragraph 13.

14. HBPS admits the allegations of paragraph 14.

15. HBPS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint, and therefore denies the same.

16. HBPS denies the allegations of paragraph 16 of the Complaint.

17. HBPS denies the allegations of paragraph 17 of the Complaint.

18. HBPS denies the allegations of paragraph 18 of the Complaint.

## AFFIRMATIVE DEFENSES

19. HBPS toasters do not infringe United States Patent No. 5,385,082 ("the '082 patent").

20. HBPS has not and does not infringe, induce infringement of or contribute to the infringement of the '082 patent.

21. The '082 patent is invalid under, *inter alia*, 35 U.S.C. §§ 102 and 103.

## COUNTERCLAIM

22. This is a counterclaim under the Patent Laws of the United States (35 U.S.C. §§ 1 *et seq.*) for a declaration that the '082 patent is invalid, unenforceable and not infringed by HBPS toasters.

23. Jurisdiction of this Court is based on 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202. Venue is proper in this district pursuant to 28 U.S.C. § 1391, and is also based on Toastmaster's assertion against HBPS of a complaint for infringement of the '082 patent in this action.

24. An actual controversy exists between Toastmaster and HBPS as to the validity and enforceability of the '082 patent, and whether the HBPS toasters infringe that patent, as evidenced, *inter alia*, by Toastmaster's Complaint and HBPS' Answer to the Complaint and Counterclaim in this action.

25. The '082 patent is invalid for failure to meet the requirements of, *inter alia*, 35 U.S.C. §§ 102 and 103.

26. HBPS has not infringed, induced infringement of or contributed to infringement of the '082 patent, and does not and will not so infringe.

WHEREFORE, HBPS respectfully requests the following relief:

1. That Toastmaster's Complaint be dismissed, and that Toastmaster take nothing.

2. That a judgment be entered declaring that the '082 patent is invalid, void, unenforceable and/or not infringed by HBPS.

3. That HBPS be awarded its attorneys' fees incurred in this action pursuant to 35 U.S.C.§ 285.

4. That HBPS be awarded costs and expenses of this action.

5. That HBPS be granted such other and further relief as the Court deems just and proper.

Dated: March 8, 1999

        HAMILTON BEACH/PROCTOR-SILEX, INC.

        By Their Attorneys

        BAKER STERCHI COWDEN & RICE L.L.C.

        By: s/Thomas N. Sterchi
           Thomas N. Sterchi (MO Bar No. 21508)
           Paul S. Penticuff (MO Bar No. 41847)
           2100 Commerce Tower
           911 Main Street
           P.O. Box 13566
           Kansas City, Missouri 64199-3566
           (816) 471-2121
           (816) 472-0288 (Facsimile)

JONES, DAY, REAVIS & POGUE
Thomas V. Heyman
Blaney Harper
599 Lexington Avenue
New York, New York 10022
(212) 326-3939
(212) 855-7306 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing ANSWER AND COUNTERCLAIM ON BEHALF OF HAMILTON BEACH/PROCTOR-SILEX, INC. was served on this 8th day of March 1999, via "Notice of Electronic Filing," on the following counsel of record:

Robert O. Lesley, Esq.
Frank B. Flink, Esq.
Judith L. Kloster, Esq.
STINSON, MAG & FIZZELL, P.C.
1201 Walnut, Suite 2800
P.O. Box 419251
Kansas City, Missouri 64141-6251

ATTORNEYS FOR TOASTMASTER INC.

                   s/Thomas N. Sterchi